IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANA M. RIVERA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-2488 |
| | : | |
| v. | : | |
| | : | |
| ABIGAIL A. GROSS, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                       June 30, 2023

Ana M. Rivera ("Rivera") has filed a *pro se* complaint asserting what appear to be state law personal injury claims against defendant Abigail A. Gross ("Gross"). *See* Compl., Doc. No. 2. Rivera also seeks leave to proceed *in forma pauperis*. For the following reasons, the court will grant Rivera *in forma pauperis* status and dismiss the complaint without prejudice for lack of subject matter jurisdiction.

I.   FACTUAL ALLEGATIONS[1]

Rivera's allegations are not easily understood. She appears to claim that she "hurt [her]self with the gabege [sic] car workings." Compl. at 5. She also alleges she forgot to cash checks or lost checks. *Id*. at 4. She wants to know who cashed those checks and mentions Gross as someone who was involved but offers no other details. *Id*. Rivera seeks money damages in the amount of $14,000. *Id*. at 5.

Rivera, who filed her case using the court's form complaint provided for use by unrepresented litigants, did not fully complete the section of the form to indicate the basis for this

---

[1] The factual allegations set forth in this opinion are taken from Rivera's complaint. *See* Doc. No. 2. The court adopts the sequential pagination assigned to the complaint by the CM/ECF docketing system.

court's exercise of subject-matter jurisdiction. She provided a post office box address for herself and a street address for Gross, both of which are in Allentown, Pennsylvania.

## II.   STANDARD OF REVIEW

At the outset, the court will grant Rivera leave to proceed *in forma pauperis*. When allowing a plaintiff to proceed *in forma pauperis*, the court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this court's subject-matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.   DISCUSSION

Rivera appears to assert state law claims against Gross. While unclear, those claims appear to concern injury from an incident involving a car or an injury involving lost checks. Rivera has not stated any basis in the complaint upon which the court may exercise federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Thus, the only basis for the court to exercise subject-matter jurisdiction over her claims is 28 U.S.C. § 1332(a). Section 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only

minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n.13 (3d Cir.1999)). An individual is a citizen of the state where he or she is domiciled, meaning the state where the person is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Rivera has failed to meet her burden of establishing that the parties are of diverse citizenship. She provides only a post office box address for herself and a street address for Gross. She did not answer questions on the form asking her to provide information about the parties' state citizenship. However, even if she had provided that information, Rivera's claim for $14,000 in damages fails to satisfy the amount in controversy requirement for the court to exercise diversity jurisdiction. Because the court lacks subject-matter jurisdiction, the complaint will be dismissed without prejudice so that Rivera may reassert her claims in an appropriate state court.

An order will be entered separately dismissing this case without prejudice.[2]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[2] Given the Court's disposition, Rivera's request for appointment of attorney (Doc. No. 3) will be denied as moot.